[Civ. No. 21761. Second Dist., Div. One. July 3, 1956.]

Estate of EVELYN C. NEATHERY, Deceased. CLARENCE M. NEATHERY, Appellant, v. DOROTHY PATTERSON, as Executrix, etc., Respondent.

James F. Curtin for Appellant.

Loughman & Fay for Respondent.

DORAN, J.—Evelyn C. Neathery died testate on July 14, 1951; appellant is decedent's husband, and the respondent Dorothy Patterson is decedent's daughter by a previous marriage and executrix named in the will.

The will bequeathed to the husband "all of my interest in the household furniture and furnishings now located in the real property in the name of either or both of us. To any other person claiming an interest in my estate, I give the sum of $1.00 and no more. FOURTH: I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, real and personal, including jewelry, of whatever kind or character and wherever situated to my beloved daughter, Dorothy Patterson."

Subsequent to execution of the will, and on June 12, 1951, testatrix executed three grant deeds to the daughter, conveying the property alluded to in the will, but reserving a life estate therein to appellant husband and the decedent. According to these deeds the property was held by Mr. and Mrs. Neathery as joint tenants. It is to be noted, however, that in an action for declaratory relief and to quiet title (Ventura County, No. 44283), brought by Clarence M. Neathery against Dorothy Patterson, a judgment was entered on February 14, 1955, adjudging that this real estate was the community property of Mr. and Mrs. Neathery. An appeal from this judgment was abandoned.

The order appealed from is one denying Clarence M. Neathery's "Petition for Decree Determining Interests in Estate and to Construe Will," which prayed "That the court will order and decree that the legal effect of the delivery of the three grant deeds to Dorothy Patterson her daughter on the 12th day of June, 1951, after she had made her last will and testament was an ademption and gift of the real estate in Clause Fourth thereof and a revocation of the testamentary disposition of said devise." The order made by the trial court determines that "the deeds involved herein were nullities and did not constitute an ademption."

Section 73 of the Probate Code, upon which appellant's claim is predicated, reads as follows: "If the instrument by which an alteration is made in the testator's interest in any property previously disposed of by his will expresses his

intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect."

Respondent, however, refers to section 1050 of the Probate Code which provides that "A gift before death shall be considered as an ademption of a bequest or devise of the property given; but such gift shall not be taken as an advancement to an heir or as an ademption of a *general* legacy unless such intention is expressed by the testator in the grant or otherwise in writing, or unless the donee acknowledges it in writing to be such." (Italics added.)

In view of the above provisions, and of the circumstances evidenced by the record, the appellant's contention that the execution of the deeds operated as an ademption, cannot be sustained. ██ As pointed out in respondent's brief, the fourth paragraph of the will here in dispute is a general, residuary clause, giving to Dorothy Patterson "all the rest, residue and remainder of my estate, real and personal." It is not a specific bequest, and the deeds include no expression of intention by testatrix that the transaction should operate as an ademption. Nor is there any other writing expressing such an intention. Whatever the legal effect of the deeds may be, a clear intention is indicated that the daughter is to have Mrs. Neathery's interest in the real estate, which is the same intention evidenced in the will.

Furthermore, as mentioned by the trial court in its memorandum of opinion, "The Court has heretofore held (Ventura County, No. 44293) that the property involved is community property," and that "the deeds involved were nullities." ██ Obviously, if the deeds are nullities, they can be of no effect whatsoever, either as amounting to an ademption, or otherwise. In giving effect to the testamentary clause making Dorothy Patterson the general, residuary legatee and devisee, the intention of the testatrix is being given effect.

The order is affirmed.

White, P. J., and Fourt, J., concurred.